UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION AT LAFAYETTE

| | |
|---|---|
| **JEFFREY MARK OLSON, on his own behalf and on behalf of a class of those similarly situated,** | )<br>)<br>)<br>) |
| **Plaintiffs,** | )<br>) |
| v. | ) No. 4:09-cv-00006-AS-PRC<br>) |
| **TRACY BROWN, in his official capacity as Sheriff of Tippecanoe County,** | )<br>)<br>) |
| **Defendant.** | ) |

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on the Motion for Judgment on the Pleadings (Doc. No. 19) filed by Defendant Tracy Brown ("Sheriff Brown") on March 13, 2009, pursuant to the Federal Rules of Civil Procedure, Rule 12(c), against Plaintiff Jeffrey Mark Olson ("Mr. Olson" or "Plaintiff") who is suing on his own behalf and on behalf of a class of those similarly situated.

On March 18, 2009, the Court heard oral argument in South Bend on the pending Motion for Class Certification under Fed. R. Civ. Pro. 23(a) and (b)(2) (Doc. No. 2). At the time of the hearing, the Motion for Judgment on the Pleadings filed on March 13, 2009 (Doc. No. 19) was not yet ripe. The parties were informed that a ruling on the latter motion (once ripe) would precede consideration of the class certification, and no objection was made. Because the issues raised in both motions overlap, the Court considers the arguments made in the briefs for both motions, and the arguments made during the March 18 hearing, to the extent that they are relevant here. For the reasons that follow, Sheriff Brown's Motion for Judgment on the Pleadings is GRANTED.

1

## I. Procedural and Factual Background

On January 2, 2009, Mr. Olson filed a "class action complaint for declaratory and injunctive relief" to enjoin the practices of the Tippecanoe County Jail. Mr. Olson sues on his behalf and on the behalf of "any and all persons currently confined, or who will in the future be confined, in the Tippecanoe County Jail." Class Action Complaint, ¶ 6. On January 20, 2009, Sheriff Brown removed the case from Tippecanoe County State Court to this Court based upon federal question jurisdiction.

By way of background, Mr. Olson was sentenced on or about November 1, 2003, to ten years in the Indiana Department of Corrections. While pending transfer to a different facility, he was held at the Tippecanoe County Jail ("the Jail") beginning on August 29, 2008. While at the Jail, numerous violations of law against him allegedly occurred primarily in September and October 2008, including the following claims:

> (1) improper handling of legal mail, which was opened outside the presence of the addressee/inmate;
> (2) providing unreasonable access to the law library;
> (3) improper handling/delayed response (or no response) to inmate grievances;
> (4) providing incorrect prescription medications to inmates;
> (5) providing dirty eating utensils and cups to inmates who are without a means to sanitize their own utensils;
> (6) providing a law library that is out-of-date;
> (7) charging excessive charges for medical visits and medications; and,
> (8) charging excessive commissary prices, including excessive prices for pre-paid phone cards.

*See* Class Action Complaint, pp. 3-11. On November 7, 2008, Mr. Olson filed a final grievance with the Jail stating:

> On October 25, 2008, I submitted a grievance due to jail personnel not responding to any prior grievance. Again, personnel have ignored my grievance and failed to reply. Please reply to my 10-25-08 grievance. If you fail, I will not file any more

> grievances, I will proceed to the United States District Court. Please accept this as
> my appeal of my October 25, 2008, grievance.

*See* Doc. No. 1-2, Class Action Complaint, p. 8. Almost 2 months later, on January 2, 2009, Plaintiff filed his Class Action Complaint and a Motion for Class Certification while he was incarcerated in the Jail. On January 15, 2009, after being incarcerated at the Jail for over 4 months (approximately 139 days), yet only 2 weeks after filing the Class Action Complaint, Mr. Olson was transferred from the Jail directly to the Indiana Department of Correction. *See* Doc. No. 16-2, Olson Affidavit, ¶ 1.

The average length of stay of inmates in the Jail during the relevant time frame is 139 days. Of those inmates incarcerated in the Jail on February 20, 2009, 128 inmates were incarcerated in the Jail for less than 30 days; 119 were incarcerated in the Jail for between 30 and 90 days; 130 were incarcerated in the Jail for between 90 and 180 days; 121 were incarcerated in the Jail for between 180 and 365 days; and 41 were incarcerated in the Jail for more than 365 days.

Defendant Sheriff Brown argues that judgment under Rule 12(c) is proper because:

(1) the Plaintiff has no private right of action to enforce jail standards set forth in 210 Ind. Admin. Code 3-1-15 (concerning jail law libraries and grievance procedures) and set forth in 210 Ind. Admin. Code 3-1-16 (concerning handling of inmate mail from attorneys and the courts) because these standards are enforced by the Indiana Department of Corrections;

(2) there is no constitutional privilege with respect to mail coming from the courts since they are public documents and implicate no privacy right; and, mail from attorneys where no attorney-client privilege has been claimed is not constitutionally protected; and/or

(3) Mr. Olson's claims for injunctive relief are moot because he is no longer incarcerated at the Tippecanoe County Jail, and was transferred to the Indiana Department of Corrections on January

15, 2009.

## II. Standard of Review

Under Federal Rule of Civil Procedure 12(c), a party may move for judgment on the pleadings "[a]fter the pleadings are closed but within such time as not to delay the trial." A Rule 12(c) motion for judgment on the pleadings is reviewed "under the same standards as a motion to dismiss under 12(b). *Flenner v. Sheahan*, 107 F.3d 459, 461 (7th Cir. 1997); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556-70 (2007) (to survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face.")); *Limestone Development Corp. v. Village of Lemont, Ill.*, 520 F.3d 797, 803 (7th Cir. 2008) (reasoning that a complaint must allege facts to state a claim to relief that is plausible on its face) (citing *Bell Atl. Corp.*, 550 U.S. at 544). A motion for judgment on the pleadings is properly granted where, accepting all "well-pleaded allegations in the complaint as true" and drawing all "reasonable inferences in favor of the plaintiff," the moving party is entitled to judgment as a matter of law. *Forseth v. Vill. of Sussex*, 199 F.3d 363, 368 (7th Cir. 2000).

For purposes of Rule 12(c), pleadings include the complaint, the answer, and any written instruments attached as exhibits. *See* Fed. R. Civ. P. 10(c); *Northern Indiana Gun & Outdoor Shows, Inc. v. City of South Bend*, 163 F.3d 449, 452-53 (7th Cir. 1998) (concluding that the broader interpretation of "written instrument" comports with the generous nature in which we view pleadings, and therefore "written instrument," as used in Rule 10(c), includes documents such as affidavits) (citing *Schnell v. City of Chicago*, 407 F.2d 1084, 1085 (7th Cir. 1969), *overruled on other grounds by City of Kenosha v. Bruno*, 412 U.S. 507 (1973)). *But see Rose v. Bartle*, 871 F.2d

331, 339-40 n. 3 (3d Cir. 1989) (concluding that affidavits are not written instruments). Rule 10(c) provides that "[a] copy of any written instrument which is an exhibit to a pleading is a part thereof for all purposes." *McCready v. eBay, Inc.,* 453 F.3d 882, 891 (7th Cir.2006). From this rule, the Seventh Circuit has concluded "documents attached to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to his claim." *Id.* (citations omitted). Based on the generous nature in which pleadings are viewed, the Court considers for purposes of this ruling, the stipulation (Doc. No. 18) and affidavits submitted by Plaintiff and similarly situated inmates attesting to the alleged violations of their rights, because these documents are part of the pleadings where they form the basis of the Complaint and are central to the claims made therein.

### III. Discussion

The Court begins its analysis where it will soon end— on the issue of whether Mr. Olson's claims are moot, and the effect thereof.[1] Mr. Olson admits that he is no longer an inmate at the Tippecanoe County Jail, but relies on the relation-back doctrine discussed in *Gerstein v. Pugh*, 420 U.S. 103, 111 n. 11 (1975), for his position that the class action survives and is not rendered moot, because he filed the Complaint and requested class certification prior to his transfer from the Jail. *See* Doc. Nos. 12, 28. While Mr. Olson is correct that inherently transitory claims may avoid

---

1   Mr. Olson's standing to initially sue is uncontested. Mr. Olson satisfied each of the Article III requirements for standing to sue by alleging an actual "injury in fact" that is concrete and particularized and is fairly traceable to the challenged action of the defendant and likely to be redressed by a favorable decision. *Arreola v. Godinez*, 546 F.3d 788, 794-95 (7th Cir. 2008) (stating that "it is best to confine the term 'standing' to the Article III inquiry and thus to keep it separate from the plaintiff's entitlement to relief or [the plaintiff's] ability to satisfy the Rule 23 criteria.") (citing *Payton v. County of Kane*, 308 F.3d 673, 676 (7th Cir. 2002)). Mr. Olson had standing when he filed the Complaint seeking injunctive relief where he was incarcerated in the Jail experiencing the alleged unlawful actions of the defendant.

5

dismissal as a result of mootness, *see infra*, he is incorrect in classifying his case as one that meets an exception to the mootness doctrine.

Because Mr. Olson filed his Complaint while he was in the Jail, this case is not moot on arrival. *See e.g., Holstein v. City of Chicago,* 29 F.3d 1145, 1147 (7th Cir.1994) (noting that the named plaintiff, who did not move for class certification prior to the expiration of his individual claims, "cannot avail himself of the class action exception to the mootness doctrine."); *Holmes v. Fisher*, 854 F.2d 229, 232 (7th Cir. 1988) (finding that the case was "dead on arrival, moot the day the complaint was filed . . . there was *never* a case or controversy within the meaning of Art. III of the Constitution" because the plaintiff did not file his suit until after he was arrested and after he received the hearing which he contended arrested persons were entitled). Instead, Mr. Olson's case became moot upon his transfer from the Jail on January 15, 2009— *after* he filed the Complaint and request for certification on January 2, 2009, but *before* the class could be certified.

Under *Sosna v. Iowa,* 419 U.S. 393 (1975) and *United States Parole Commission v. Geraghty,* 445 U.S. 388 (1980), the mootness of a plaintiff's personal claim did not prevent him from serving as the representative of a class. In *Sosna,* however, the class was certified before the representative's case became moot, and the Court reasoned that after certification the class itself was the plaintiff. *Geraghty*, which was specifically limited to the appeal of the denial of the class action motion, held that when the district court denies the plaintiff's motion to certify a class, and the plaintiff appeals from the denial, if his appeal is pending when his substantive claim evaporates, then the appeal is not moot. *See also Weismueller v. Kosobucki*, 513 F.3d 784, 786 (7th Cir. 2008) (citing *Deposit Guaranty National Bank v. Roper*, 445 U.S. 326, 335-37 (1980); *Geraghty*, 445 U.S. at 404)). This is so "because unless and until the appellate court affirms the denial of the motion to

certify a class, there may be people other than the plaintiff with a legally protected interest in the suit– namely the unnamed members of the class." *Weismueller*, 513 F.3d at 786.

While Mr. Olson did move for class certification prior to the evaporation of his personal stake, he cannot claim the benefit of this exception to the mootness doctrine because this Court did not certify the class in the short time between the filing of his Complaint and request for class certification, and his subsequent transfer from the Jail— a mere thirteen days. The requirement that Mr. Olson's case be dismissed under these circumstances has been made clear by the Seventh Circuit Court of Appeals. *Weismueller*, 513 F.3d at 786 ("If on the other hand, the named plaintiff's claim becomes moot before the class is certified, the suit must be dismissed because no one besides the plaintiff has a legally protected interest in the litigation.") (citing *Board of School Commissioners v. Jacobs*, 420 U.S. 128, 130 (1975) (per curiam) (holding that "Because the class action was never properly certified nor the class properly identified by the District Court, the judgment of the Court of Appeals is vacated and the case is remanded . . .to vacate [the District Court's] judgment and to dismiss the complaint"); *Bertrand ex rel. Bertrand v. Maram*, 495 F.3d 452, 456 (7th Cir. 2007) (stating that "if the would-be representative's claim becomes moot before certification, then the case must be dismissed)).

However, as argued by Mr. Olson, he may avoid dismissal because of mootness, if he is able to demonstrate that his claim on the merits, while no longer live, is "capable of repetition, yet evading review." *Holstein v. City of Chicago,* 29 F.3d 1145, 1147 (7th Cir. 1994). To do so, Mr. Olson must prove that:

> 1) his claim is "so inherently transitory that the trial court [did] not have enough time to rule on a motion for class certification before the proposed representative's individual interest expire[d]," *County of Riverside v. McLaughlin,* 500 U.S. 44, 52

(1991) (citations omitted); and 2) he will again be subject to the alleged illegality, *City of Los Angeles v. Lyons,* 461 U.S. 95, 110 (1983). *See Robinson v. City of Chicago,* 868 F.2d 959, 967 (7th Cir.1989).

*Holstein,* 29 F.3d at 1147; *see also Franks v. Bowman Transportation Company*, 424 U.S. 747, 756 n. 8 (1976) ("Thus, the 'capable of repetition, yet evading review' dimension of *Sosna* must be understood in the context of mootness as one of the policy rules often invoked by the Court 'to avoid passing prematurely on constitutional questions. Because (such) rules operate in 'cases confessedly within (the Court's) jurisdiction' . . . they find their source in policy, rather than purely constitutional, considerations.") (citations omitted).

The United States Supreme Court has also held that when a class action is sought, the mooting of the plaintiff's individual claims for relief does not moot the case if, the plaintiff's individual claims are inherently transitory. In *Gerstein,* 420 U.S. at 103, the named plaintiffs filed a class action challenging pretrial detention conditions. The Court assumed that the named plaintiffs were no longer awaiting trial at the time the trial court certified the class of pretrial detainees. *Id.* at 111 n. 11. In addition, there was no indication that the named plaintiffs might again be subject to pretrial detention. *Id.* Nevertheless, the Court held that the case was not moot:

> This case belongs, however, to that narrow class of cases in which the termination of a class representative's claim does not moot the claims of the unnamed members of the class. *See Sosna v. Iowa,* 419 U.S. 393 (1975). Pretrial detention is by nature temporary, and it is most unlikely that any given individual could have his constitutional claim decided on appeal before he is either released or convicted . . . This claim, in short, is one that is distinctly 'capable of repetition, yet evading review'. . . It is by no means certain that any given individual, named as plaintiff, would be in pretrial custody long enough for a district judge to certify the class . . .

*Gerstein,* 420 U.S. at 111, n. 11.

Similarly, in *County of Riverside v. McLaughlin,* 500 U.S. 44 (1991), a class action was

brought by arrestees challenging the manner in which the defendant county provided probable cause determinations to persons who had been arrested without a warrant. *Id.* at 47. At the time the suit was filed, the named plaintiffs were incarcerated. *Id.* at 51. However, by the time the class was certified, their individual claims were moot. *Id.* at 51-52. The Court found that the case itself was not moot and that the class was properly certified:

> That the case was not certified until after the named plaintiffs' claims had become moot does not deprive us of jurisdiction. We recognized in *Gerstein* that "[s]ome claims are so inherently transitory that the trial court will not have even enough time to rule on a motion for class certification before the proposed representative's individual interest expires.". . . In such cases, the "relation back" doctrine is properly invoked to preserve the merits of the case for judicial resolution.

*McLaughlin,* 500 U.S. at 52.

Regarding the transitory nature of the claim, Mr. Olson was incarcerated for over four months, and filed his last Jail grievance on November 7 requesting a response to his October 25 grievance. Thereafter, Mr. Olson waited nearly 2 months (56 days) to file his class action complaint in federal court. There is no evidence that after not receiving grievance responses, Mr. Olson was kept from accessing the Court. Moreover, based on the average length of incarceration, Mr. Olson is among the approximate 54% of the inmate population that is incarcerated more than 90 days in the Jail. In fact, approximately 30% of the inmate population is incarcerated in the Jail for more than half a year. Further, Mr. Olson's situation is one unlike those cases where a court normally will not have even enough time to rule on a motion for class certification before the proposed representative's individual interest expires, such as a challenge presented to pretrial detention, *see Gerstein*, 420 U.S. 103, or probable cause determinations for those recently arrested, *see McLaughlin*, 500 U.S. 44, or intake strip searches after arrests, *see May v. Frisbie*, 2009 WL 1148223 (S.D.Ind. Apr. 28, 2009).

9

Here, Mr. Olson, like over half the inmates in the Jail, was incarcerated for over 3 months. Based on these facts, this Court cannot say that Mr. Olson's claims are so inherently transitory that he can evade the mootness doctrine. *See Banks v. NCAA,* 977 F.2d 1081, 1086 (7th Cir. 1992) (reasoning that had plaintiff filed his complaint shortly after discovering the alleged conduct, and still been unable to obtain class certification, he might have been able to make an argument that the claim was transitory); *Trotter v. Lincar*, 748 F.2d 1177, 1184-85 (7th Cir. 1984) (rejecting a claim that 70 days provided insufficient time to obtain a ruling on a motion for class certification).

Although this is enough to dismiss Mr. Olson's complaint, the Court also finds that it is not likely that Mr. Olson will be subject to the Jail's procedures in the future. *See Holmes v. Fisher*, 854 F.2d 229, 232 (7th Cir. 1988) (finding that the "capable of repetition but evading review" doctrine applies only when repetition is likely to embroil the same parties to the dispute) (citations omitted). The mere physical or theoretical possibility of Mr. Olson being incarcerated at the Jail and suffering the alleged wrongful acts of the defendants is insufficient to satisfy this prong. *Holstein,* 29 F.3d at 1148 (citing *Jones v. Sullivan,* 938 F.2d 801, 806 (7th Cir.1991)). Instead, there must be a "reasonable expectation" or a "demonstrable probability" that the same controversy will recur involving the same parties. *Id.* (citing *Jones,* 938 F.2d at 807) (quoting *Murphy v. Hunt,* 455 U.S. 478, 482 (1982)). Mr. Olson cannot make such a showing.

Mr. Olson's case cannot be classified as transitory or capable of repetition but evading review— certainly a given inmate at the Jail, named as plaintiff, could be, and in fact has been most recently, incarcerated long enough for a district judge to certify a class. *See Arreola v. Godinez*, 546 F.3d 788, 799 (7th Cir. 2008) ("[W]e cannot conclude that it would be impossible for a more suitable representative of a Rule 23(b)(2) class to emerge. This also means that, contrary to [the plaintiff's]

10

arguments, this case is not a good candidate for application of the 'capable of repetition, yet evading review' concept.") (citation omitted). As a result, Mr. Olson's claim is moot.

## IV. Conclusion

For the reasons stated herein, the Court **GRANTS** Defendant Sheriff Brown's Motion For Judgment on the Pleadings (Docket No. 19), as this case is deemed moot and is **dismissed without prejudice**. Each party to bear its own costs.

**SO ORDERED**.

**DATED: June 22, 2009**

/s/ ALLEN SHARP
**ALLEN SHARP, JUDGE**
**UNITED STATES DISTRICT COURT**
